418 So.2d 316 (1982)
Banks Dixon THOMAS, Appellant,
v.
Patricia J. THOMAS, Appellee.
No. 81-759.
District Court of Appeal of Florida, Fourth District.
July 28, 1982.
Rehearing Denied September 7, 1982.
Robert E. Dubow of Dubow & Thomas, Dania, for appellant.
John B. DiChiara of DiGuilian, Spellacy & DiChiara, Fort Lauderdale, for appellee.
GLICKSTEIN, Judge.
This is an appeal by the husband from a final judgment of dissolution of marriage. We affirm in part and reverse in part.
The parties were married in 1958 and have three children, two of whom are minors. A son, age fourteen, and a daughter, age ten, reside with appellee in the former marital residence.
During the first fifteen years of the marriage, appellant worked for an insurance company in Jacksonville. Appellee, with two years of college and no vocational training, was a homemaker. Sometime *317 around 1972 appellant went to law school, and appellee, during her husband's three years of study, worked to help support the family, holding a full-time job as a teacher's aide and several part-time positions in the summer. The family also used the savings accumulated over the years to subsidize its income.
Upon appellant's graduation he took a position with a Dania law firm. The family moved and appellee went to work at Sears on a part-time basis. From the salary she earned as a sales lady, she gave appellant $80 a month for two years to help him repay the loan he used to finance his education.
At the time of the final hearing the parties owned the marital home, valued at $55,000, as tenants by the entirety, and some capital stock valued at $3,000.00. Appellant was an associate, not a partner, in a two-man firm. We consider his status significant.
As an associate appellant had a gross yearly income of $33,000. His hospitalization insurance was being paid by the firm. His net monthly income was $2,065.22. Appellee was earning $3.80 per hour and working approximately twenty to twenty-five hours a week. Her net monthly wage was approximately $437, but she was also receiving approximately $29.57 as a result of her contribution to a profit-sharing plan.
The trial court awarded appellee (a) $1,200 a month for alimony and child support, $400 of which is for the support of each child until he or she is emancipated or turns eighteen, and $400 of which is for permanent, periodic alimony until such time as the younger child turns eighteen or is otherwise emancipated, at which time appellee will receive $200 monthly; (b) appellant's half interest in the former marital residence; and (c) attorney's fees in the amount of $4,000.
Appellant contends the trial court abused its discretion in awarding appellee $1,200 per month, or fifty-eight percent of his net income, in alimony and child support. We agree and are compelled to reduce the child support $50 per month per child in order to insure appellant's economic survival. After the reduction, he is left, after payment of his rent and the loan upon his automobile, with $330 per month to pay his other necessities. Nevertheless, we believe appellee's needs and those of the children also must be satisfied; thus, in the event appellant's benefits, direct or indirect, increase, the issue should be revisited. Moreover, appellee should not consider the courthouse door closed to her when the younger child no longer receives support.
Appellant argues next that the trial court erred in awarding his equity in the marital residence to appellee. The house, valued at approximately $55,000, had a $26,000 mortgage on it. The final judgment expressly recites that the award was made pursuant to the principles of equitable distribution expressed in Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).
We believe the trial judge acted properly in providing appellee with the security of a home. Vanderslice v. Vanderslice, 396 So.2d 1185 (Fla. 4th DCA 1981). The dissolution has placed the parties in terribly disparate positions in terms of the future. Having made appellant's education possible by her own efforts, appellee looks to an uncertain tomorrow. Appellant, while his membership card in The Florida Bar is not a pass to riches, has the opportunity, by virtue of that membership, to prosper.
Appellant's final point is two-fold; namely, that the trial court erred in awarding attorney's fees to appellee and that the award of $4,000 was excessive. We disagree with the first argument but agree with the latter. Appellee made an agreement with her attorney that he would receive compensation at the rate of $100 per hour. The affidavit for attorney's fees her lawyer submitted reflects the lawyer spent 28.40 hours in rendering legal assistance; his associate, whose time was billed at $75 per hour, expended 6.10 hours. As part of the agreement, appellee paid her attorney a $500 retainer fee. Relying upon the terms of this contract, we hold the total award of attorney's fees should not have exceeded *318 $3,297.50. On remand the trial court is directed to reduce it accordingly.
In summary, we affirm in part, reverse in part and remand with the foregoing direction.
HURLEY and DELL, JJ., concur.