GLICKSTEIN, Judge,
concurring specialty-
I concur with Judge Hurley's conclusion for a number of other reasons in addition to some that he has suggested. In doing so, I am more aware than ever — having been given the golden opportunity by Dean Ovid Lewis of Nova Law Center to teach upper class students (and myself), for a semester, a course in Remedies — that all of judging is an expression of value judgments. At the appellate level, those judgments — in many 5-4 or 2-1 situations — after getting a seal of majority approval, enter into the orbit of judicial precedent.
I find it is equally true that we judges do not give enough attention to the theories of the law that appear in the Restatements and in the various law reviews but often accept precedent as gospel because it is convenient to do so. Cardozos, like unicorns, are rare animals; and we who ar.e caught up in the trappings of our office often easily drift with the past without consideration of the “why’s.”
I have urged my students to call to the attention of the trial judges before whom they will appear the expressions of creative legal thinkers who are holding forth in the classroom and other resource centers such as the American Law Institute, to stimulate our colleagues’ on the trial bench consideration of significant ideas that are floating around out there unseen or unheard as cannons going off in the desert.
As for the business at hand, the same panel that considered the present case also decided Thomas v. Thomas, 418 So.2d 316, 317-18 (Fla. 4th DCA 1982), which said:
Appellee made an agreement with her attorney that he would receive compensation at the rate of $100 per hour. The affidavit for attorney’s fees her lawyer submitted reflects the' lawyer spent 28.40 hours in rendering legal assistance; his associate, whose time was billed at $75 per hour, expended 6.10 hours. As part of the agreement, appellee paid her attorney a $500 retainer fee. Relying upon the terms of this contract, we hold the total award of attorney’s fees should not have exceeded $3,297.50. On remand the trial court is directed to reduce it accordingly.
It is safe to say that some of the present panel were shocked to hear at oral argument that the foregoing language was being used by some of the trial bench as a proscription — in every case — against the award of a larger fee than that which the spouse had agreed to pay. While it is impossible to reconstruct everything that may have been considered in the formulation of an opinion written almost two years *641 ago, a couple of things bear stating about the Thomas case. First, it is apparent from the language of the entire opinion that the Thomas panel was very much concerned not only about the wife’s present and future needs but also about the husband’s realistic ability to comply with the present court orders. Second, the attorney’s fee to which the wife had agreed was. $100 an hour, which was a reasonable hourly rate for her lawyer to receive.
Second, I am as concerned with mechanic’s lien claimants’ access to the courts as I am for a financially troubled spouse whose husband, the breadwinner, has taken a walk. A short-changed claimant and a financially desperate spouse are often in the same position because the party holding the purse strings removes the purse. It follows that in both situations, the ideal is for the client and lawyer to draft an agreement that provides for a reasonable hourly rate, with the understanding that the Code of Professional Responsibility may justify collection of more from the adversary. However, the client may be able to execute only an agreement which specifies less than a reasonable sum per hour because of the client’s desperate financial condition in the presence of personal principles that demand the client agree only to a fee within his or her expected financial means.
Third, the present ease represents a claimant and a property owner both being left high and dry by a third party. The owner, in the mind of the lawyer, should be billed for only $6,500 although the lawyer had 175 hours invested in his successful defense of the claim. Moreover, not only-was there a disparity between the number of hours required by the genuine problem in this case and the bill in question, the fee of $6,500 is, in my opinion, unreasonable in light of the result achieved because of a lot of creative attention and strategy in dealing with a difficult situation. As I have discussed with my students, the study of remedies is the study of accountability — or in this case, entitlement — both of which sound in fairness.