638 So.2d 174 (1994)
Raymond Earnest STEINER, Appellant,
v.
Maureen P. STEINER, Appellee.
No. 93-226.
District Court of Appeal of Florida, First District.
June 14, 1994.
*175 Lawrence C. Datz of Datz, Jacobson, Lembcke & Garfinkel, Jacksonville, for appellant.
William J. Dorsey, Jacksonville, for appellee.
WEBSTER, Judge.
Appellant (the husband) seeks review of a final judgment dissolving his marriage to appellee (the wife). Because the trial court failed to observe a stipulation between the parties that the marital home be partitioned and sold, and the net proceeds or deficit divided equally between the parties, we reverse and remand for further proceedings.
In the pretrial stipulation, the parties agreed that the "[m]arital residence [was] to be sold, and [the] equity or deficit divided equally between the parties." Immediately before the commencement of the final hearing, the parties' attorneys told the trial court that they had agreed that the marital home should be sold, and the net proceeds or deficit divided equally. During the final hearing, the trial court indicated that it intended to observe the parties' agreement regarding the marital home. However, in the final judgment, the trial court awarded the home to the husband, apparently as a part of its scheme of equitable distribution.
The award of the marital home is of concern to the husband because both parties testified that it was worth less than the outstanding mortgage of $64,000.00. However, they differed significantly regarding how much less than the mortgage the home was worth. The wife testified that the home was worth approximately $63,000.00; while the husband testified that the home was worth only about $40,000.00. The final judgment awards the home to the husband, but makes no findings regarding the value of the home. As a result, it is impossible to determine whether the assets and liabilities of the parties were equitably distributed.
"A stipulation properly entered into and relating to a matter upon which it is appropriate to stipulate is binding upon the parties and upon the Court." Gunn Plumbing, Inc. v. Dania Bank, 252 So.2d 1, 4 (Fla. 1971). Such a stipulation "must not be disturbed unless found to be ambiguous or in need of clarification, modification or interpretation." Bissell v. Bissell, 622 So.2d 532, 533 (Fla. 1st DCA 1993). Here, the trial court offered no reason for its failure to observe the parties' stipulation regarding the marital home; neither party requested that the stipulation be disregarded; and it is clear that there is nothing ambiguous about the stipulation. Accordingly, it was error not to observe the stipulation, and to incorporate it into the final judgment.
The wife concedes that the trial court erred when it failed to observe the stipulation. However, she argues that the error was harmless. We are unable to agree. Section 61.075, Florida Statutes (1991), mandated that the trial court equitably distribute the marital assets and liabilities of the parties. Because, contrary to the stipulation, the trial court awarded the marital home to the husband without making any findings regarding its value, we are unable to determine whether the trial court complied with its obligations under that statute. Accordingly, we are constrained to reverse and remand for further proceedings.
Reversal of the trial court's treatment of the marital home requires that all financial aspects of the final judgment likewise be reversed. E.g., Leventhal v. Leventhal, 606 So.2d 1271 (Fla. 1st DCA 1992); Sweeney v. Sweeney, 583 So.2d 398 (Fla. 1st DCA 1991). On remand, the trial court is directed to observe the parties' stipulation regarding the marital home, and then to distribute equitably the remaining marital assets and liabilities according to the requirements of section 61.075, Florida Statutes. The trial court shall support its scheme of distribution by findings of fact. § 61.075(3), Fla. Stat. (1993).
The trial court also awarded to the wife what appears to be rehabilitative alimony, although it is not expressly denominated as such. For the benefit of the trial court on *176 remand, we note that our review of the record fails to reveal an apparent basis for such an award, and the final judgment contains no findings to support such an award. Should the trial court again decide to award some form of alimony to the wife, it shall comply with section 61.08, Florida Statutes (1993), and particularly with subsection (1) thereof, which requires findings of fact.
Those portions of the final judgment dissolving the marriage of the parties, awarding to the wife the primary residence of the parties' child, establishing a visitation schedule, awarding shared parental responsibility and restraining the parties from bothering each other are affirmed. In all other respects, the final judgment is reversed, and the case remanded to the trial court for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
MINER and DAVIS, JJ., concur.