660 So.2d 1162 (1995)
Herbert M. DECKER, Appellant,
v.
Joan Susan DECKER, Appellee.
No. 94-2235.
District Court of Appeal of Florida, Fourth District.
September 27, 1995.
*1163 Tracy B. Newmark, Terry Ellen Fixel, and August La Rocco of Fixel & La Rocco, Hollywood, for appellant.
William L. Gardiner, III, of Gardiner and Gardiner, P.A., Fort Lauderdale, for appellee.
SORONDO, RODOLFO, Jr., Associate Judge.
This is an appeal from a final judgment of dissolution of marriage awarding the appellee, Joan, permanent alimony and child support, and distributing marital assets. The appellant, Herbert, argues that the cumulative effect of the awards was an abuse of discretion. We agree and reverse.
At the time of the final hearing Herbert and Joan had been married for twenty-seven (27) years. At the time they had two (2) daughters, Kelly, age 18, and Courtney who would turn 17 in August of 1994.
Herbert was employed at a Texas firm called Rawson Company and was earning $65,000 per year, plus a guaranteed $10,000 bonus, for a total of $75,000. Additionally, Herbert received reimbursement for travel expenses incurred during his frequent business trips.
Joan, age 49, was employed as a sales associate. She had only a high school degree and earned $6.30 per hour for a thirty hour work week plus a 5% commission.
The cost of health insurance for the family was $268.00 per month. The policy of insurance also contained a deductible and co-payment provision. Herbert was paying for this at the time of the final hearing.
Joan was scheduled for surgery in April of 1994 and was advised that she needed $600.00 prior to her entry into the hospital for her physician. The doctor's total bill was $3,000. She was advised by her insurance company that they would pay 80% of her medical costs.
Final judgment was entered on July 7, 1994. It ordered Herbert to continue to pay for health insurance of the parties' children at a cost of $268.00 per month. He was additionally ordered to pay Joan's outstanding medical expenses and to be equally responsible for any deductibles and non-covered medical expenses of the parties' minor daughter.
The trial court further ordered Herbert to pay permanent periodic alimony in the sum of $2,695 per month and child support for the minor daughter in the amount of $924.00 per month.
Finally the court awarded Joan attorney's fees and divided the parties' assets. Under the distribution scheme fashioned by the trial court Herbert kept assets, mostly IRA accounts, valued at $138,398. Of this amount, approximately $33,500 is presently accessible to him. Joan was awarded assets valued at $144,000. A portion of this, approximately $40,000, represents 50% of the equity in the marital home; the balance is liquid and presently accessible to her.
In Canakaris v. Canakaris, 382 So.2d 1197, 1204 (Fla. 1980), the Florida Supreme Court stated:
We recognize that a trial court need not equalize the financial positions of the parties. However, a trial judge must ensure that neither spouse passes automatically from misfortune to prosperity or from prosperity to misfortune, and, in viewing the totality of the circumstances, one spouse should not be "shortchanged."
In the present case Herbert takes home a net income of approximately $4,800 per month. The alimony and child support ordered equals $3,619 per month and constitutes 76% of his total net monthly income. Herbert is thus left with a net monthly income of approximately $1,181. Accordingly, *1164 out of a gross income of $75,000 per year, Herbert is left with a net income of $14,172.
Joan, on the other hand, collects $43,428 from Herbert and $10,828 from her job (not counting commissions) for a total gross yearly income of $54,256. Allowing a reduction from that amount for taxes, Joan's net income would be approximately $40,692.
The disparity between the parties' net incomes is glaring and unfair. In Gentile v. Gentile, 565 So.2d 820 (Fla. 4th DCA 1990), this court stated:
Although each award of alimony and child support, standing alone, may not be objectionable, it is the cumulative effect of these awards which makes the trial court's judgment an abuse of discretion. As was noted in the similar case of Blum v. Blum, 382 So.2d 52 (Fla. 3d DCA 1980), compliance with the final judgment will leave the appellant destitute and unable to provide even the most basic living expenses. This court has stated that an award to a wife should permit her to retain some semblance of her former life style "while at the same time ensuring that the husband is not strapped so that his incentive to strive forward and his lust for life are seriously impaired."
Id. at 822 (quoting McAllister v. McAllister, 345 So.2d 352, 355 (Fla. 4th DCA 1977), cert. denied, 357 So.2d 186 (Fla. 1978)). In Gentile we disapproved an alimony and child support award which amounted to 79% of the husband's total net income and stated:
While some may dispute the financial level at which a spouse loses his "lust for life" and incentive to strive forward, we do not think that anyone would seriously disagree that being left with less than $10,000 to live on out of a $73,000 salary would certainly stifle any incentive the husband here might have for getting up every morning and going to work.
Id. at 822. The numbers in the present case are remarkably similar to those in Gentile and equally unfair.
Under circumstances less onerous than those in Gentile, in Thomas v. Thomas, 418 So.2d 316 (Fla. 4th DCA 1982), we reversed an alimony and child support award which amounted to 58% of the husband's net income. Likewise in Sokol v. Sokol, 441 So.2d 682 (Fla. 2d DCA 1983), the Second District Court of Appeal disallowed an award totalling 71% of the husband's take home pay as an abuse of discretion and in Nicholson v. Nicholson, 372 So.2d 178 (Fla. 2d DCA 1979), the same court similarly disallowed an award which amounted to 86% of take home pay.
The appellee argues that because the minor child of the parties will reach the age of majority in August of 1995 the appellant's monthly child support responsibility will be reduced by $924.00 per month, thus making the financial obligations of the appellant less rigorous. Although it is true that the husband's financial obligation will be reduced after August of 1995, he will still have to pay his ex-wife 56% of his total net monthly income and appellee will still receive a net yearly income more than $7,000 greater than appellant's.
We do not reach the appellee's suggestion that the post-August numbers, as they presently exist, will satisfy the Canakaris test for reasonableness. Instead we remand to the trial court for a thorough re-evaluation of the parties' present financial circumstances and an award that is consistent with the principles enunciated in the case law discussed above and this opinion.
Appellee has conceded the appellant's second issue on appeal.
Appellant argues in his third and final issue that the trial court erred by ordering him to pay for appellee's present outstanding medical expenses not covered by insurance without setting a cap on his potential financial liability. We reverse on this issue as well and remand with directions that the trial court establish the exact amount of the appellant's financial liability.
REVERSED AND REMANDED.
GLICKSTEIN and STONE, JJ., concur.