710 So.2d 748 (1998)
Philip RADZIWON, Appellant,
v.
Mary RADZIWON, Appellee.
No. 97-2150.
District Court of Appeal of Florida, Fourth District.
May 27, 1998.
Richard J. Feinberg of Law Office of Richard J. Feinberg, Tamarac, for appellant.
No brief filed for appellee.
DELL, Judge.
Philip Radziwon appeals the trial court's order granting a reduction in appellant's permanent alimony obligation. Appellant argues that the trial court erred in failing to either terminate his alimony payment or reduce it to between $150.00 and $200.00 a month. Appellant also contends that, based on the trial court's comments at the end of the modification proceeding, the court prejudged his petition for modification.
The final judgment of dissolution incorporated a marital settlement agreement that provided for permanent periodic alimony of $1,200.00 a month, approximately forty-three percent of appellant's income. After holding a hearing on appellant's petition to modify or terminate alimony, the trial court reduced appellant's alimony obligation to $866.00 a month and ordered payment of $200.00 a month toward appellant's alimony arrearage of $24,667.50.
A trial court has broad discretion in deciding whether to modify the terms of an alimony award and the court's ruling will not be disturbed absent an abuse of discretion. See Pimm v. Pimm, 601 So.2d 534, 535 (Fla.1992); Stewart v. Rich, 664 So.2d 1145, 1147 (Fla. 4th DCA 1995). The evidence presented at the hearing demonstrated that the appellant and appellee earned net monthly incomes of $1,775.00 and $1,262.85, respectively. We recognize that the limited income of the parties and appellee's need for support made the determination of appellant's petition for modification difficult. After paying the $866.00 a month in alimony and $200.00 a month in arrears to appellee, appellant is left with only $709.00 a month to support himself. Appellee will have $2,128.85 available for her needs.
Appellant's monthly expenses for basic necessities such as food, housing, utilities and transportation amount to a minimum of $1,168.00 a month. Since it is apparent that appellant cannot support himself after paying $866.00 a month in alimony and $200.00 a month in arrears, we hold that the trial court abused its discretion in modifying the alimony award. See Gentile v. Gentile, 565 So.2d 820, 822 (Fla. 4th DCA 1990) ("Where the *749 husband's income is nearly exhausted on obligations imposed by the final judgment, leaving him with practically no money to support himself, reasonable persons could not differ as to the impropriety of the actions taken by the trial court").
Accordingly, we reverse this cause with instructions for the trial court to reconsider appellant's petition for modification. We need not address the second point on appeal.
REVERSED and REMANDED.
GUNTHER, J., concurs.
STONE, C.J., dissents with opinion.
STONE, Chief Judge, dissenting.
I would affirm on the authority of Canakaris v. Canakaris, 382 So.2d 1197, 1202 (Fla.1980).