PER CURIAM.
This cause arises from a final judgment of dissolution of marriage. The trial court awarded Appellee permanent alimony “until further order of court.” However, permanent periodic alimony terminates upon the death of either spouse or upon Appel-lee’s remarriage. Paulk v. Paulk, 680 So.2d 1122 (Fla. 1st DCA 1996) (citing Canakaris v. Canakaris, 382 So.2d 1197, 1203-04 (Fla.1980)). We direct that, on remand, the trial court modify the judgment in accordance with the above-stated rule.
The trial court erred in failing to determine Appellant’s maximum liability for payment of Appellee’s medical bills. See Decker v. Decker, 660 So.2d 1162, 1164 (Fla. 4th DCA 1995); Jordan v. Jordan, 389 So.2d 1258 (Fla. 1st DCA 1980) (citing Peteler v. Peteler, 145 So.2d 291, 292 (Fla. 3d DCA 1962)). We must, therefore, remand with directions to the trial court to set Appellant’s maximum liability for Ap-pellee’s medical expenses.
The trial court also erred in its valuation of the thrift savings plan, a valuation not supported by the record. We remand for the trial court to value the plan in light of the loan taken against this asset, and if necessary, to adjust the equitable distribution. In all other respects, we affirm.
AFFIRMED in part; REVERSED and REMAJSTDED in part.
BOOTH and BENTON, JJ., and SMITH, LARRY G., Senior Judge, concur.