819 So.2d 902 (2002)
Luis E. BALLESTEROS, Appellant,
v.
Mary BALLESTEROS, Appellee.
No. 4D01-1299.
District Court of Appeal of Florida, Fourth District.
June 19, 2002.
Martin H. Colin of The Law Offices of Martin H. Colin, Lake Worth, for appellant.
Joel H. Feldman of Feldman & Schneiderman, P.L., Boca Raton, for appellee.
SHAHOOD, J.
Although former husband neither had a court reporter present at the hearing on the Final Judgment of Dissolution of Marriage nor submitted a stipulated statement of the evidence, in accordance with Florida Rule of Appellate Procedure 9.200, the errors in this case are apparent on the face of the Final Judgment, and, thus, are reviewable. See Calderon v. Calderon, 730 So.2d 400, 401 (Fla. 5th DCA 1999).
Here, the trial court clearly abused its discretion in its award of permanent periodic alimony and attorney's fees to former wife. It is well settled that the two primary elements to be considered when determining permanent periodic alimony are the needs of one spouse for the funds and the ability of the other spouse to provide the necessary funds. See Canakaris v. Canakaris, 382 So.2d 1197, 1201 (Fla.1980); see also Gentile v. Gentile, 565 So.2d 820, 822 (Fla. 4th DCA 1990)(traditional alimony depends upon the financial *903 ability of the other spouse to make such payment without substantially endangering his or her own economic status.). "[W]here the husband's income is nearly exhausted on obligations imposed by the final judgment, leaving him with practically no money to support himself, reasonable persons could not differ as to the impropriety of the actions taken by the trial court." Gentile, 565 So.2d at 822.
In this case, the parties were married for twenty-eight years, with only one of their four children still a minor at the time of the dissolution. Former husband earned $2,308.33 per month, gross, with a net monthly income of $1,758.08. Former wife earned $1,378.00 per month, gross, with a net monthly income of $1,135.28. Pursuant to a Mediation Agreement, former husband agreed to pay $333.41 in child support and $129.00 for health insurance per month for the minor child. In addition to these obligations, the trial court awarded former wife $600.00 per month in permanent alimony, leaving former husband with $695.67 per month on which to live. Thus, former husband was required to pay approximately sixty (60%) percent of his monthly income to former wife; former wife would receive a monthly income of $2,197.69. This sum did not include his obligation to pay former wife's attorney's fees. This was error.
In Gentile, 565 So.2d at 822, this court held that the trial court abused its discretion in awarding 79% of husband's income for support. The court noted that although each award of alimony and child support, standing alone, may not be objectionable, it is the cumulative effect of these awards which makes the trial court's judgment an abuse of discretion. See id.; see also Calderon, 730 So.2d at 402 (former husband could not be charged with permanent periodic alimony, child support, and mortgage payments totaling $2549, where his net income, according to child support guidelines worksheet adopted by court, was $2760); Radziwon v. Radziwon, 710 So.2d 748, 748-49 (Fla. 4th DCA 1998)(the trial court abused its discretion in setting former husband's alimony obligation at $866 per month, with an additional payment of $200 per month toward the alimony arrearage; former husband's net monthly income was $1775, former wife's net monthly income was $1263, and the former husband was left with only $709 per month to support himself after paying alimony. Former wife will have $2,128.85 available for her needs.); Benenfeld v. Benenfeld, 705 So.2d 1072 (Fla. 4th DCA 1998)(alimony award was excessive where alimony award and insurance deductible together constituted nearly 80% of the husband's net income); Decker v. Decker, 660 So.2d 1162 (Fla. 4th DCA 1995)(court abused its discretion in awarding wife alimony and child support constituting 76% of husband's income); Thomas v. Thomas, 418 So.2d 316 (Fla. 4th DCA 1982)(reversed alimony and child support award which amounted to 58% of husband's net income).
Although the parties are of modest means, the alimony award, combined with the child support award and health insurance for the minor child, left former husband without the means to support himself, such that no reasonable man could differ as to the impropriety of the court's award. This error is further compounded by holding former husband responsible for paying all of former wife's attorney's fees.
In awarding fees to the former wife, the court held:
The income of Wife, the alimony awarded to Wife and the plan of equitable distribution adopted herein do not afford Wife the same or nearly the same ability to pay for her attorney's fees as Husband has to pay his attorney's fees. *904 Therefore, Wife is entitled to an award of her reasonable attorney's fees, to be determined at a separate evidentiary hearing to be set by Wife.
As discussed above, in keeping with the awards fashioned by the court, former husband has $695.67 per month to live on and former wife has $2,197.69 per month. From the face of the Final Judgment it was incredulous for the court to conclude that former wife did not have the same or nearly the same ability to pay attorney's fees.
Accordingly, we affirm the award of child support and health insurance for the minor child based on the Mediation Agreement voluntarily entered into by former husband; however, we reverse that portion of the Final Judgment of Dissolution of Marriage awarding permanent alimony and attorney's fees to former wife and remand for further proceedings.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
GROSS and MAY, JJ., concur.