988 So.2d 128 (2008)
Charles POSNER, Appellant,
v.
Toni POSNER, Appellee.
No. 4D06-4909.
District Court of Appeal of Florida, Fourth District.
July 30, 2008.
*129 Jeanne C. Brady of Brady & Brady, P.A., Boca Raton, and Jonathan S. Root of Graner, Root & Heimnovics, P.A., Boca Raton, for appellant.
David Leacock of David Leacock, P.A., Palm Beach Gardens, for appellee.
FARMER, J.
Both husband and wife appeal their final judgment of dissolution of marriage. Between them their briefs raise 19 issues, 17 of which are his. In spite of his forensic excesses and lack of restraint, we do find several errors by the trial court and address only those issues.
The final judgment awarded her bridge-the-gap alimony, lump sum alimony, and child support. He was also ordered to pay other expenses related to the children. He argues that the cumulative effect of all the monetary awards is unsupported by the evidence, exceeds his financial abilities and is therefore an abuse of discretion. We agree and reverse.
They were married for four years when she petitioned for dissolution. He is an equities trader at a hedge fund. She is a homemaker. They have three children, triplets now four years old. One of the children has Down's syndrome.
She has net non-marital assets of just over $417,000; he has just over $98,000. They have net marital assets of $55,000. In dividing the marital property equitably, the court ordered her to pay him $91,520, leaving each with $27,506 in marital assets. At the same time, the court awarded her lump sum alimony of $91,520. The effect of these awards is to leave him with net marital assets of (-$64,000), and her with net marital assets of $119,026. As a result, he has been left with total assets of $34,242; she with $536,026.
He has net monthly income of $4,134. The trial court ordered him to make the following monthly payments:

Bridge-the-Gap alimony: $2,500
Child Support: 1,079
Pre-school Tuition: 375
Life Insurance: 55
Child Support Arrearages: 100.
 _______
 $4,109
 =======

*130 Additionally, the court ordered him responsible for half of any deductibles and non-covered medical expenses of the children. These awards leave him with nothing for living expenses.
"Where the husband's income is nearly exhausted on obligations imposed by the final judgment, leaving him with practically no money to support himself, reasonable persons could not differ as to the impropriety of the actions taken by the trial court." Ballesteros v. Ballesteros, 819 So.2d 902 (Fla. 4th DCA 2002). Here the total support and expense awards consume nearly all of the his net monthly income. Based on the record evidence and findings as to his ability to pay, the total award places an undue burden on him without any justification  assuming that he could be required to pay an amount leaving him with nothing for his personal needs. See Calderon v. Calderon, 730 So.2d 400 (Fla. 5th DCA 1999) (former husband could not be charged with permanent periodic alimony, child support, and mortgage payments totaling $2549, where his net income was $2760); Radziwon v. Radziwon, 710 So.2d 748, 748-49 (Fla. 4th DCA 1998) (the trial court abused its discretion in setting former husband's alimony obligation at $866 per month, with an additional payment of $200 per month toward the alimony arrearage; former husband's net monthly income was $1775, former wife's net monthly income was $1263, and the former husband was left with only $709 per month to support himself after paying alimony. Former wife would have had $2,128.85 available for her needs); Benenfeld v. Benenfeld, 705 So.2d 1072 (Fla. 4th DCA 1998) (alimony award was excessive where alimony award and insurance deductible together constituted nearly 80% of the husband's net income); Decker v. Decker, 660 So.2d 1162 (Fla. 4th DCA 1995) (court abused its discretion in awarding wife alimony and child support constituting 76% of husband's income); Thomas v. Thomas, 418 So.2d 316 (Fla. 4th DCA 1982) (reversed alimony and child support award which amounted to 58% of husband's net income).
We do not single out any specific award, finding only that as a whole the awards here leave him in a hole and thus constitute an abuse of discretion. We remand to the trial court for a thorough reevaluation of financial circumstances of the parties and to fashion an award consistent therewith.
Additionally, the trial court determined that $12,214 in credit card debt was a nonmarital liability of the wife. But in calculating the assets and liabilities of the parties, the court applied this debt as a marital liability. This too should be corrected on remand.
Monetary awards reversed; remainder affirmed.
KLEIN and HAZOURI, JJ., concur.