WARNER, J.
 

 The wife and husband each appeal various aspects of the trial court’s final judgment of dissolution of marriage. Of the multiple issues raised, we reverse on two. First, the trial court erred in refusing to include the parties’ stipulated settlement agreement in the final judgment. Second, the cumulative total of the financial awards the wife was ordered to pay are excessive.
 

 The wife and husband married in 1991 and had two children. The wife filed for divorce in 2007. The parties disputed various issues regarding the children as well as their incomes and finances. At trial, the husband’s counsel read a stipulation into the record regarding the marital residence:
 

 The Husband is going to be receiving the marital residence and he’s going to be responsible for the mortgage encumbering the residence and
 
 he’s going to make his best efforts to see if he can assume the mortgage to have the Wife’s name removed from the mortgage.
 

 (Emphasis supplied). The court asked whether removal of the wife’s name could be done by court order, to which both parties acknowledged that it could not without the mortgagee’s consent. The husband’s counsel explained that the husband had been trying to get the wife’s name removed, but had been unsuccessful so far. The wife’s counsel noted that the husband was only required to use his best efforts to achieve that result. Nevertheless, the final judgment provides:
 

 [T]he parties reached an agreement on ... equitable distribution which was dictated into the record and is included in this Final Judgment.... Husband shall be solely responsible for the mortgage encumbering the property. The lender is ordered to permit Husband to solely assume the mortgage.
 

 The wife complains that the court changed the stipulation. She would not have consented to the stipulation regarding the marital residence if it were not for the requirement that the husband use his best efforts to compel the mortgage lender to remove her name and allow the husband to assume the mortgage. We agree that the court should not have changed the stipulation in this way and that it deprived the wife of the ability to enforce the provision that the husband use his best efforts to remove her from the note and mortgage.
 

 “A stipulation properly entered into and relating to a matter upon which it
 
 *886
 
 is appropriate to stipulate is binding upon the parties and upon the Court.”
 
 Steiner v. Steiner,
 
 638 So.2d 174, 175 (Fla. 1st DCA 1994) (quoting
 
 Gunn Plumbing, Inc. v. Dania Bank,
 
 252 So.2d 1, 4 (Fla.1971)).
 
 Accord Lift v. Lift,
 
 1 So.3d 259, 261 (Fla. 4th DCA 2009). The court must not disturb the stipulation “unless found to be ambiguous or in need of clarification, modification or interpretation.”
 
 Steiner,
 
 638 So.2d at 175 (citation omitted).
 

 In this case, the parties stipulated to the husband using “his best efforts to see if he can assume the mortgage to have the Wife’s name removed from the mortgage.” The trial court expressed concern that the husband would not succeed in removing her name without the help of a court order directing the lender to permit the husband to assume the entire mortgage. However, in reality the court could not order the lender to remove the wife’s name from the mortgage without the lender being a party to the proceedings. Without the provision requiring the husband to use his best efforts to remove her from the mortgage, the wife did not receive the benefit of the bargain she negotiated with the husband and would have no means of enforcing the provision. The stipulation was not ambiguous or in need of interpretation, and the court should have enforced it in the final judgment.
 

 In the final judgment, the court found that the wife currently earned a gross income of $65,000 a year and the husband earned $500 a week ($26,000/ year). The court expressly rejected the husband’s request to impute income to the wife. The court ordered shared parental responsibility and declared the husband the primary residential parent. The court awarded the husband permanent periodic alimony and child support. The court ordered the parties to each pay 50% of non-covered medical and dental expenses, together with 50% of the private school tuition. It also required the wife to maintain life insurance for the benefit of the husband.
 

 The court did not calculate the net income of the parties, but the child support worksheet is attached to the judgment. In it, the net income of the wife is calculated at $3,171, and the net income of the husband is $3,215. This would constitute the wife’s income after deduction of alimony and the husband’s income including the alimony.
 
 See
 
 § 61.30(2), Fla. Stat. From this income, the wife will be required to pay $939 per month to the husband for child support and also pay her share of the private tuition of the children, which amounts to $445 per month. She pays $120 for their health insurance, while the husband pays $210 for child care. After deducting the child support, private tuition, and health insurance, she will be left with $1,677, plus she must pay for the life insurance and, due to her expanded visitation schedule, must also maintain a residence capable of housing the children during their visits. The husband on the other hand will have approximately $3,400, after payment of child care expenses and private tuition, to support himself and the expenses of the children.
 

 Particularly in these present tough economic times, it is difficult for any marital dissolution to provide sufficient funds to each party to sustain the standard of living to which they might have been accustomed during their marriage. In this case, the wife was the primary income producer, yet her income has been reduced drastically, as has the husband’s. The total of their combined incomes amounts to less than half of what it was two years ago.
 

 Although each award or responsibility placed on the wife, standing alone, may not be excessive, the cumulative total of the awards can constitute an abuse of discretion.
 
 See Posner v. Posner,
 
 988 So.2d 128,
 
 *887
 
 129 (Fla. 4th DCA 2008);
 
 Gentile v. Gentile,
 
 565 So.2d 820 (Fla. 4th DCA 1990).
 
 Posner
 
 compiled various cases to show what cumulative amounts can constitute an abuse of discretion:
 

 Based on the record evidence and findings as to his ability to pay, the total award places an undue burden on him without any justification-assuming that he could be required to pay an amount leaving him with nothing for his personal needs.
 
 See Calderon v. Calderon,
 
 730 So.2d 400 (Fla. 5th DCA 1999) (former husband could not be charged with permanent periodic alimony, child support, and mortgage payments totaling $2549, where his net income was $2760);
 
 Radziwon v. Radziwon,
 
 710 So.2d 748, 748-49 (Fla. 4th DCA 1998) (the trial court abused its discretion in setting former husband’s alimony obligation at $866 per month, with an additional payment of $200 per month toward the alimony ar-rearage; former husband’s net monthly income was $1775, former wife’s net monthly income was $1263, and the former husband was left with only $709 per month to support himself after paying alimony. Former wife would have had $2,128.85 available for her needs);
 
 Benenfeld v. Benenfeld,
 
 705 So.2d 1072 (Fla. 4th DCA 1998) (alimony award was excessive where alimony award and insurance deductible together constituted nearly 80% of the husband’s net income);
 
 Decker v. Decker,
 
 660 So.2d 1162 (Fla. 4th DCA 1995) (court abused its discretion in awarding wife alimony and child support constituting 76% of husband’s income);
 
 Thomas v. Thomas,
 
 418 So.2d 316 (Fla. 4th DCA 1982) (reversed alimony and child support award which amounted to 58% of husband’s net income).
 

 988 So.2d at 130. Similar to the cases cited in
 
 Posner,
 
 here the amounts assessed against the wife cumulatively are excessive. While in actual dollars the wife might be left with slightly more than the husbands in the foregoing cases, this still amounts to an abuse of discretion where the wife is left with less than the husband makes per month in his own occupation. The court’s awards leave her with only about 35% of her net income.
 

 The husband contends that given the wife’s prior income history, it was not an abuse of discretion. Yet the court affirmatively refused to impute additional income to the wife. Therefore, we cannot consider the award in relation to what the wife could make.
 

 We reverse and remand for further consideration of the awards made and to correct the final judgment to include the stipulation of the parties as to the marital home. On remand, the court may simply refashion the award or may take further testimony as the court deems necessary.
 

 Reversed and remanded for further 'proceedings.
 

 GROSS, C.J., and CIKLIN, J., concur.