CONNER, J.
 

 Judith Comstock (“Former Wife”) appeals a post final judgment order entered on enforcement proceedings by the trial court after objections were made to an underlying recommended order from a magistrate. Former Wife argues that the trial court erred by entering an order enforcing a February 2, 2007, mediation agreement (“2007 mediation agreement”) which was entered into after the final judgment dissolving the marriage but never approved by the trial court. The problem presented by this appeal is that the trial court’s order remanded a significant portion of the enforcement proceeding to the magistrate for further evidentiary determinations. While we affirm the trial court’s decision concerning equitable distribution, debts, and property agreements, we dismiss Former Wife’s appeal as to matters remanded to the magistrate for further evidentiary determinations, because we lack jurisdiction.
 

 Former Wife is incorrect that the portions of the 2007 mediation agreement pertaining to equitable distribution, debts, and property agreements are unenforceable because an order approving the agreement was never entered. “A stipulation properly entered into and relating to a matter upon which it is appropriate to stipulate is binding upon the parties and upon the Court.”
 
 Yeakle v. Yeakle,
 
 12 So.3d 884, 885-86 (Fla. 4th DCA 2009) (citations and internal quotation marks omitted);
 
 see Dorta v. Dorta,
 
 626 So.2d 312, 313 (Fla. 4th DCA 1993) (recognizing that property rights in post-dissolution marriage proceeding are enforceable under contract law). Therefore, we affirm the trial court’s rulings on the enforcement matters pertaining to equitable distribution, debts, and property agreements.
 

 Former Wife is correct that the 2007 mediation agreement is nonbinding and unenforceable as to child custody and child support issues until the trial court enters an order approving the agreement as being in the best interests of the children.
 
 Feliciano v. Feliciano,
 
 674 So.2d 937 (Fla. 4th DCA 1996). The trial court correctly determined that the magistrate’s recommendations to enforce the agreement as to child support issues were improper, because the 2007 mediation agreement provisions concerning the children had never been determined to be in the best interests of the children. The trial court properly directed the magistrate to conduct further hearings to determine if the 2007 mediation agreement should be approved as being in the best interests of the children. Those portions of the trial
 
 *1096
 
 court’s order are nonfinal and nonap-pealable. Accordingly, we do not have jurisdiction to entertain an appeal of the trial court’s order regarding child custody and child support issues, and the appeal is dismissed as to only those issues. Fla. R. App. P. 9.030(b)(1)(B); Fla. R. App. P. 9.130(a)(3).
 

 Affirmed in Part; Dismissed in Part.
 

 HAZOURI and GERBER, JJ„ concur.