DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MICHAEL McGLYNN,**
Appellant,

v.

**ELIZABETH TALLMAN-McGLYNN,**
Appellee.

No. 4D14-4859

[March 23, 2016]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Amy L. Smith, Judge; L.T. Case No. 2011DR014518XXXXNB.

Robert M. Lewis of Law Office of Robert M. Lewis, LLC, Jupiter, for appellant.

Catherine S. Eaton and Cash A. Eaton of The Eaton Family Law Firm, P.A., West Palm Beach, for appellee.

FORST, J.

In this case regarding alimony and child support payments following a divorce, Appellant Michael McGlynn ("the former husband") makes two arguments. First, he claims that the trial court erred in computing and applying his net income when determining child support payments. Second, he claims that the cumulative amount of all the post-divorce monetary awards is so high as to be an abuse of discretion. For the reasons given below, we disagree on both issues and affirm the trial court's judgment.

To start, we find no error in the trial court's computation and application of the former husband's net income. The former husband argues that the court used his gross income instead of his net income. Although it is true that his gross bi-weekly income of $2,981.96, when multiplied by two, is $5,963.92, and that this number is close to the $5,894 income used by the trial court, application of the proper formula contained in Florida Family Law Rules of Procedure Form 12.902(c) shows that the former husband's gross monthly income from his salary was

$6,460.91 (which is rounded to the nearest whole dollar of $6,461).[1]

The financial affidavit entered into evidence in the trial court shows a total of $2,786 worth of deductions.[2] The former husband concedes, however, that there was an $810 scrivener's error in that calculation,[3] and that his actual deductions should have been only $1,976. Deducting this from the former husband's correctly-computed gross monthly salary results in a net income of $4,485. The $1,409 difference between this income and the net income used by the trial court is the subject of the former husband's second claim on this issue: his bonus.

The dissenting opinion maintains that the trial court abused its discretion in determining that the former husband's $16,910 bonus should have been divided by twelve and applied as part of his monthly income. However, given the record before us, we are unable to reverse on this basis.

First, any error on the part of the trial court may be considered invited error. *See Czubak v. State*, 570 So. 2d 925, 928 (Fla. 1990). The bonus that the former husband claims should not be considered as part of his net income was placed on the financial affidavit entered into evidence *by the former husband himself*. The former husband also testified that the net monthly income on the affidavit was correct. In his testimony before the trial court, the former husband offered no objection to the inclusion of the bonus in calculating his income, and the only mention of the bonus was made by his employer's human resources manager, who merely stated that the former husband "gets his regular salary, and then depending on if we get a bonus that year, he gets a bonus, and that's it." Neither party questioned this witness as to the regularity and size of the bonus.

Even if the former husband did not invite the error, he failed to appropriately raise it on appeal. Nowhere in the former husband's initial brief does the word "bonus" appear. This issue was only raised in his reply brief, maintaining that he is not certain to receive any year-end bonuses.

---

[1] The former husband argues that his monthly income should be determined by multiplying his bi-weekly income by two. However, the formula in the rule cited requires multiplying the bi-weekly income by twenty-six and then dividing the result by twelve. The former husband's method does not account for the fact that most months are slightly more than four weeks in length.

[2] These deductions were $1,238 for income taxes, $488 for FICA taxes, $114 for Medicare payments, $136 for health insurance, and $810 for court-ordered child support for children from another relationship.

[3] The child support he listed was for the children from *this* relationship rather than from *another* relationship.

Matters argued for the first time in a reply brief will not be considered by the reviewing court. *See McAllister v. Breakers Seville Ass'n,* 981 So. 2d 566, 575 (Fla. 4th DCA 2008). The initial brief's general objection claiming that the wrong form of income was used is not sufficient to raise a claim that the right form was used but calculated incorrectly.

In any case, the former husband's argument in the reply brief is merely that the annual bonus is not automatic. However, Appellant has failed to present evidence that he did not receive this bonus each year since the separation. Accordingly, the record does not support a reversal on this issue.

We now turn to the former husband's second argument, which we hold is similarly without merit. The key question when considering whether the cumulative effect of post-divorce monetary awards constitute an abuse of discretion is "the payor's ability to survive economically." *Walters v. Walters*, 96 So. 3d 972, 977 (Fla. 4th DCA 2012). Here, using the net income as properly determined (including the bonus monies), the former husband is left, after paying alimony and child support, including retroactive payments, as well as taxes and insurance, with approximately $2,469 per month. This amount is entirely dissimilar from the monthly amounts that were left in the cases cited by the former husband, which ranged from only $25 to a maximum of $865.22. *See Posner v. Posner*, 988 So. 2d 128, 129 (Fla. 4th DCA 2008); *Thomas v. Thomas*, 418 So. 2d 316, 317 (Fla. 4th DCA 1982).

If receipt of a $16,910 (or more) bonus is not a recurring event, then the former husband may have cause to seek modification of the alimony and child support awards from the trial court. In the meantime, this issue is not properly before us. Because the former husband's other arguments regarding the computation of his income are not supported by the record, and because the trial court's conclusion that the former husband is left with the ability to survive economically even after making all required payments is supported, we affirm the judgment of the trial court.

*Affirmed.*

STEVENSON, J., concurs.
MAY, J., dissents with opinion.

MAY, J., dissenting.

I respectfully dissent from the majority's decision to affirm. I would reverse the final judgment of dissolution as it relates to child support for

the reasons expressed below.

In his initial brief, the former husband argues that in calculating child support, the trial court used his **gross** income instead of his **net** income, failing to account for his income tax, social security, Medicare, and health insurance deductions. He suggests that without an explanation of how the court arrived at the $5,894 income figure, the court must have used his **gross** income. He claims that his **gross** bi-weekly income is $2,981.96 for a total of $5,963.92 per month, suspiciously close to the figure used by the court.

The former wife responds that the trial court properly calculated the former husband's **net** income based on figures provided by the former husband. She explains that the court corrected a scrivener's error, where the former husband's financial affidavit initially reflected $810 for child support paid for other children, but was meant to reflect the temporary child support ordered prior to the dissolution in this case. The former wife then suggests that the court properly included bonus monies paid to the former husband in addition to his salary. Lastly, she argues that the former husband invited any error since he provided the financial information on his affidavit.

In his reply brief, the former husband explains that the bonus monies were not recurring. Testimony supported the unique nature of the bonus monies for the preceding year. He suggests that by including the bonus monies, the trial court incorrectly calculated his income for child support purposes.

The majority claims that any error by the court in adding his bonus monies was "invited error" because the former husband candidly included that income on his financial affidavit. I disagree. We can only hope that litigants candidly advise the court of their income. Testimony revealed however that this bonus was not recurring. It should not have been included in calculating the former husband's **net** income.

The majority correctly notes that the former husband did not use the word "bonus" in his initial brief. Nevertheless, his argument is that his **net** income was incorrectly calculated, and that without explanation, it was impossible to determine how the trial court arrived at the figure used for calculating child support. When the former wife responded that the net income included the bonus monies, the former husband explained in his reply brief that the bonus monies were not recurring. Admittedly, the income miscalculation issue was argued in a broader context in the initial brief, with the bonus monies specifically being addressed in the reply brief.

4

The bottom line: the bonus monies were raised in rebuttal and therefore properly considered in resolving this appeal.

The parties agree that child support should be based upon **net** income. Here, the trial court noted the temporary support order determined child support of $812.[4]  Yet, it ordered child support of $1,070.21.  It does not appear that the court could have reached that figure without including the bonus monies.  However, the record reveals that the bonus monies the former husband candidly disclosed were not recurring.  There was no contrary evidence.  This means that the child support must be reversed and the case remanded to the trial court for recalculation of the former husband's **net** income.  *See Savery v. Savery*, 670 So. 2d 1034, 1035 (Fla. 4th DCA 1996).

*       *       *

***Not final until disposition of timely filed motion for rehearing.***

---

[4] The majority claims the court corrected a $810 scrivener's error, but the final judgment reflects $812 ordered as temporary child support.  This is just another example of why the net income needs to be recalculated.