# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2024-1270
Lower Tribunal No. 2020-DR-12259-O

_____

AHMED TAHA,

Appellant,

v.

NOHA HUSSEIN HASSAN,

Appellee.

_____

Appeal from the Circuit Court for Orange County.
Elaine A. Barbour, Judge.

October 3, 2025

TRAVER, C.J.

Ahmed Taha ("Former Husband") appeals the trial court's final divorce judgment. We reverse in part because the trial court disregarded a binding equitable distribution stipulation Former Husband and Noha Hussein Hassan ("Former Wife") reached at trial.[1]

---

[1] We affirm the trial court's determination on alimony because Former Husband's arguments are either waived, lacking in merit, or constitute harmless error. We dismiss without prejudice Former Husband's challenge to the trial court's unliquidated award of attorney's fees. *See Fuentes v. Yuhi Landholdings, LLC*, 387 So. 3d 421, 422 (Fla. 6th DCA 2024).

After a long-term marriage, the parties had few assets and substantial liabilities. Former Husband's student loans for dental school comprised much of this debt. On the day of trial, the parties stipulated that they would each bear their own debts and maintain their own assets. The trial court confirmed this stipulation with each party and accepted it. The parties did not argue over equitable distribution at trial. But the trial court ordered Former Husband to make an equalizing payment to Former Wife because he dissipated assets during the parties' divorce.

We review de novo whether the parties' stipulation prevented the trial court from taking this action. *See Holcombe v. City of Naples/Johns E. Co.*, 328 So. 3d 311, 314–15 (Fla. 1st DCA 2021). We find that it did because "[a] stipulation properly entered into and relating to a matter upon which it is appropriate to stipulate is binding upon the parties and upon the Court." *Gunn Plumbing, Inc. v. Dania Bank*, 252 So. 2d 1, 4 (Fla. 1971); *see also Yeakle v. Yeakle*, 12 So. 3d 884, 885–86 (Fla. 4th DCA 2009). The parties' stipulation was unambiguous and required no clarification or modification. *See Yeakle*, 12 So. 3d at 886; *Steiner v. Steiner*, 638 So. 2d 174, 175 (Fla. 1st DCA 1994)).

We therefore reverse the trial court's imposition of an equalizing payment and remand for its exclusion. This action does not require a further hearing. *See Socol v. Socol*, 291 So. 3d 594, 596 (Fla. 4th DCA 2020).

2

AFFIRMED in part; REVERSED in part; and DISMISSED in part; with instructions.

MIZE and GANNAM, JJ., concur.

Jeffrey V. Mansell, of Burlington & Rockenbach, P.A., West Palm Beach, and Jeffrey A. Miller and Sander L. Miller, of Miller Law, Boca Raton, for Appellant.

Noha Hussein Hassan, Mobile, Alabama, pro se.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED