882 So.2d 1066 (2004)
Sharon D. BRYANT, Appellant,
v.
Greg BRYANT, Appellee.
No. 5D03-3712.
District Court of Appeal of Florida, Fifth District.
August 27, 2004.
Rehearing Denied October 7, 2004.
Linda D. Schoonover of Linda D. Schoonover, P.A., Altamonte Springs, for Appellant.
N. Lee Sasser, Jr., of Sasser and Weber, P.A., Orlando, for Appellee.
PETERSON, J.
Sharon D. Bryant appeals an order denying her petition to modify a December 18, 2002 final judgment dissolving her marriage to Greg Bryant. Specifically, she requested that their pre-judgment marital settlement agreement, adopted by the dissolution judgment, be modified to allow her to relocate the parties' minor child to Louisiana and eliminate the requirement that the primary residence be maintained in Orange, Osceola, Seminole or Lake County, Florida. The order also changes the primary residential responsibility from Sharon to Greg unless Sharon, who had already relocated her residence to Louisiana leaving the child in Florida with Greg, returned to Florida within sixty days and relocated within the Orlando area in the Lakemont Elementary School District.
Because no transcript exists of the hearing in which Sharon's petition was considered along with Greg's petition to change primary residential responsibility if Sharon relocated to Louisiana, our review is limited to the pleadings, judgment dissolving the marriage, post-judgment orders and arguments of counsel. Sharon, as the appellant, bears the burden of demonstrating error, and in the absence of an adequate record on appeal, a judgment that is not fundamentally erroneous must be affirmed. Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979). The record does not reflect that any attempt was made to reconstruct the record as allowed by Florida Rule of Appellate Procedure 9.200(b)(4).
*1067 We find no abuse of discretion by the trial court after our review that was limited by an absence of a record, except for the trial court's requirement that Sharon must relocate to the Orlando area in the Lakemont Elementary School District if she is to retain primary residential custody of her child. Greg's pleadings make no such request, and neither the settlement agreement nor the judgment dissolving the marriage requires a residence within such a limited geographical area. The only residential requirement as specified in the settlement agreement is that the primary residence be maintained in Orange, Osceola, Seminole or Lake County, Florida. Narrowing the geographical area in which Sharon must reside in order to maintain primary custody violates the same provision of the settlement agreement relied upon by the trial court in denying Sharon's petition to change her residence to Louisiana.
The October 7, 2003 order denying the relocation is affirmed with the exception of the requirement that Sharon be required to relocate to the Orlando area in the Lakemont Elementary School District if she is to continue as the primary residential parent. She is only required to relocate to the four-county Central Florida area within sixty days of the date of this order if she is to continue as the primary residential parent.
AFFIRMED IN PART; REVERSED IN PART.
GRIFFIN and PALMER, JJ., concur.