886 So.2d 1027 (2004)
Edward W. MASLOW, Appellant,
v.
Julianne M. EDWARDS, Appellee.
No. 5D03-1737.
District Court of Appeal of Florida, Fifth District.
November 5, 2004.
*1028 Albert S. Lagano of Albert S. Lagano, P.A., Melbourne, for Appellant.
No Appearance for Appellee.
THOMPSON, J.
Edward W. Maslow ("father") appeals a final order establishing paternity, parental responsibility, and child support.
In this case, there is no transcript of the proceedings. The appellant bears the burden of demonstrating error, and in the absence of an adequate record on appeal, a judgment that is not fundamentally erroneous must be affirmed. Bryant v. Bryant, 882 So.2d 1066 (Fla. 5th DCA 2004). Without a transcript of the proceedings below, review is limited to errors of law that are apparent on the face of the record. Fugina v. Fugina, 874 So.2d 1268 (Fla. 5th DCA 2004).
We find that only one of Maslow's arguments has merit: that the trial court erred in awarding sole parental responsibility of the minor child to the mother. Section 61.13(2)(b)2, Florida Statutes, provides:
The court shall order that the parental responsibility for a minor child be shared by both parents unless the court finds that shared parental responsibility would be detrimental to the child.
Trial courts are required to make a specific finding of detriment to the child before awarding sole parental responsibility. Grimaldi v. Grimaldi, 721 So.2d 820 (Fla. 4th DCA 1998). This requirement applies in paternity actions. See, e.g., Doyle v. Owens, 881 So.2d 717 (Fla. 1st DCA 2004); Moore v. Trevino, 612 So.2d 604 (Fla. 4th DCA 1992). Additionally, utilizing the best interest of the child standard does not obviate the necessity of a specific finding that shared parental responsibility would be detrimental to the child before awarding sole parental responsibility to a parent. Hicks v. Hicks, 511 So.2d 628 (Fla. 2d DCA 1987); Nichols v. Nichols, 432 So.2d 648 (Fla. 1st DCA 1983).
In the instant case, the trial court found that the father had failed to make efforts to visit the child since November 1999, and in ordering supervised visitation, it required that the father abstain from illegal *1029 drugs and alcohol within 12 hours of visitation. Although the trial court stated that for the reasons provided, it was in the best interest of the child for the mother to have primary residential custody, it never made the specific finding that shared parental responsibility would be detrimental to the child. See Grimaldi, 721 So.2d at 821-822 (holding that findings that the former wife, due to an illness, was not capable of exercising parental responsibility in any meaningful way and that sole parental responsibility was in the child's best interests, were not equivalent to a finding that shared parental responsibility would be detrimental to the child).
Accordingly, we reverse the portion of the order awarding the mother sole parental responsibility and remand so that the trial court may make a finding regarding whether shared parental responsibility is detrimental to the child. On remand the trial court may, in its discretion, take additional evidence or rule on the record presently available.
AFFIRMED in part; REVERSED in part; REMANDED.
GRIFFIN and PLEUS, JJ., concur.