973 So.2d 466 (2007)
Jim ADAM, d/b/a Adam Construction, Appellant/Cross-Appellee,
v.
VERSAILLES SUR LA MER CONDOMINIUM, etc., Appellee/Cross-Appellant.
No. 5D06-2065.
District Court of Appeal of Florida, Fifth District.
July 20, 2007.
Allan P. Whitehead, of Frese, Hansen, Anderson, Anderson, Heuston & Whitehead, P.A., Melbourne, for Appellant/Cross-Appellee.
Dennis F. Fairbanks, Melbourne, for Appellee/Cross-Appellant.
SMITH, T., Associate Judge.
Appellant, Jim Adam d/b/a Adam Construction appeals the denial of his claim for attorneys' fees and prejudgment interest and the award of damages to appellee, Versailles Sur La Mer Condominium. The parties' claims against one another included breach of a contract which contains a prevailing party attorneys' fees clause. The case was tried and the court found that each party was entitled to some recovery with the net judgment being in favor of Adam. The trial court also determined that, because each party had prevailed in part and lost in part, both should bear their own fees and costs. Adam has failed to sustain his burden of proof that he prevailed on the substantial issues in this case and that the trial court abused its *467 discretion when it declined to award him fees because he did not provide this court a complete transcript of the trial. Consequently, this court is unable to review the evidence in order to independently determine whether either party prevailed for purposes of recovering their attorneys' fees. Maslow v. Edwards, 886 So.2d 1027 (Fla. 5th DCA 2004); and All American Soup & Salad, Inc. v. Colonial Promenade, 652 So.2d 911 (Fla. 5th DCA 1995). Adam's appeal of the award of damages to Versailles also fails for lack of a complete record.
We find that Adam is entitled to pre-judgment interest on his net judgment. Pre-judgment interest is an element of damages and, when a verdict liquidates a party's out-of-pocket loss, he is entitled as a matter of law to recover prejudgment interest from the date of the loss. Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212 (Fla.1985). Therefore, we reverse and remand this case to the trial court for the entry of a judgment that includes an award of pre-judgment interest to Adam.
Adam's motion for appellate attorneys' fees based upon the parties' contract is granted and Versailles' motion for fees is denied. The trial court shall determine and award Adam his reasonable fees and taxable costs for this appeal.
AFFIRMED in part, REVERSED in part, and REMANDED.
THOMPSON and MONACO, JJ., concur.