Per Curiam.
Appellant, Jose Aranda (“the father”), challenges the final judgment determining paternity and establishing a parenting plan on numerous grounds, three of which we find have merit. We agree with the father that the trial court erred in 1) awarding the appellee (“the mother”) sole parental responsibility without finding that shared parental responsibility would be detrimental to the child; 2) failing to address time-sharing on holidays, special occasions, and extended school breaks; and 3) failing to consider the parties’ respective financial positions in denying the father’s request that both parties bear the burden of travel costs related to timesharing. We otherwise affirm.
We first address the trial court’s award of sole parental responsibility to the mother. Section 61.13(2)(c)2., Florida Statutes (2013), provides that “[tjhe court shall order that the parental responsibility for a minor child be shared by both parents unless the court finds that shared parental responsibility would be detrimental to the child.” “This requirement applies in paternity actions.” Maslow v. Edwards, 886 So.2d 1027, 1028 (Fla. 5th DCA 2004). The award of sole parental responsibility in the absence of such a finding is reversible error, Schram v. Schram, 932 So.2d 245, 250 (Fla. 4th DCA 2005). “Additionally, utilizing the best interest of the child standard does not obviate the necessity of a specific finding that shared parental responsibility would be detrimental to the child before awarding sole parental responsibility to a parent.” Maslow, 886 So.2d at 1028; see also Grimaldi v. Grimaldi, 721 So.2d 820, 821-22 (Fla. 4th DCA 1998) (holding that the trial court’s finding that the former wife, due to illness, was not capable of exercising parental responsibility in any meaningful way, and that sole parental responsibility was in the child’s best interest, was “not equivalent to a finding that shared parental responsibility is, in fact, detrimental to the child”).
The final judgment here does not contain the required finding. Further, the trial court did not make such a finding at trial, although it explained that it was awarding the mother sole parental responsibility because the parents had an “unhealthy” relationship and “won’t agree.” This finding is in the vein of a best interest finding, and does not rise to the level of a finding of detriment to the child. Accordingly, we reverse and remand for further proceedings. “On remand, the court may, in its discretion, either take additional evidence or rule on the record presently available.” Schram, 932 So.2d at 250.
The father also argues that the trial court erred in failing to award him any holiday timesharing in the absence of findings justifying no such award. We agree. “Although a court has the power to deny visitation altogether in extreme cir *654 cumstances, where visitation is ordered, the non-custodial parent’s right to the child on rotating holidays has become so routine and necessary that to deny it requires factual findings justifying that decision.” Todd v. Guillaume-Todd, 972 So.2d 1003, 1006 (Fla. 4th DCA 2008); see also Schumaker v. Schumaker, 931 So.2d 271, 274 (Fla. 5th DCA 2006) (stating that it is error for the trial court to leave judgment incomplete by failing to address holiday, special occasion, and extended school break visitation). We reverse and remand for the trial court to either grant holiday, special occasion, and extended school break timesharing or make factual findings justifying the denial of such timesharing. The coui-t should revisit the child support obligation if changes in the timesharing plan make that necessary.
Finally, we agree with the father that the trial court erred in failing to consider the parties’ respective financial positions in denying the father’s request that travel costs associated with timesharing be shared by the parties. “The expense of transporting the minor child for visitation is a childrearing expense like any other,” which “should be shared by the parents in accordance with their financial means.” Drakulich v. Drakulich, 705 So.2d 665, 667 (Fla. 3d DCA 1998). In a case where the father was assigned responsibility for all travel costs because he was the party who relocated, the appellate court reversed, reasoning that the proper test is the consideration of the parties’ financial circumstances. See McKenna v. Fisher, 778 So.2d 498, 499 (Fla. 5th DCA 2001); see also Coons v. Coons, 765 So.2d 167, 174 (Fla. 1st DCA 2000) (finding no error in requiring the father to pay 100% of costs of transporting child where the court considered the parties’ respective financial circumstances and found that the father’s gross annual income was $70,000 and the mother’s was $29,000, and the trial court made a modest downward adjustment in the father’s child support obligation to account for some of the costs of transportation).
Here, there is no indication that the trial court applied the correct test in determining whether the father should be responsible for all of the costs of travel. Instead, the trial court chastised the father for making such a request. We reverse and remand for the trial court to apply the correct test and to revise the child support obligation if necessary.
In summary, we affirm in part, but reverse and remand for the trial court to address sole parental responsibility; holiday, special occasion, and extended school break timesharing; and travel costs associated with timesharing. The trial court should revisit the child support obligation if its findings on remand make that necessary.

Affirmed in part, reversed in part, and remanded with instructions.

Ciklin, C.J., Levine and Forst, JJ., concur.