DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MICHEL WHISSELL,**
Appellant,

v.

**SHERRONE WHISSELL,**
Appellee.

No. 4D15-4641

[July 12, 2017]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Jeffrey Dana Gillen, Judge; L.T. Case No. 2014-DR-001981-XXXX-SB.

Eddie Stephens of Ward, Damon, Posner, Pheterson & Bleau, West Palm Beach, for appellant.

Lisa Marie Macci of Lisa Marie Macci, P.A., Boca Raton, and Elizabeth J. Kates, Pompano Beach, for appellee.

GROSS, J.

We affirm all aspects of the amended final judgment of dissolution of marriage, save two. We reverse the judgment insofar as it failed to provide Former Husband with specific steps to reestablish contact with the minor child beyond supervised timesharing. We also reverse the alimony award to Former Wife as it was contrary to the parties' intent in the prenuptial agreement, wherein they waived any right to alimony.

*Timesharing*

The trial court found that it would be contrary to the child's best interests for Former Husband to enjoy unsupervised timesharing. This finding was supported by competent substantial evidence. However, the judgment fails to provide Former Husband with specific steps to obtain unsupervised timesharing. "The failure to 'set forth any specific requirements or standards' for the alleviation of timesharing restrictions is error." *Witt-Bahls v. Bahls*, 193 So. 3d 35, 38 (Fla. 4th DCA 2016) (quoting *Ross v. Botha*, 867 So. 2d 567, 571 (Fla. 4th DCA 2004)). "This

applies to both the prevention of timesharing altogether and to restrictions." *Id.* While the trial court need not "set out every minute detail of the steps to reestablish unsupervised timesharing," the parent must leave the courtroom "knowing that if [they] satisfactorily accomplish[] relatively specific tasks, [they] will be able to reestablish unsupervised timesharing." *Id.* at 39. Because the trial court did not set forth specific steps for Former Husband to alleviate the restriction on timesharing, this part of the judgment must be reversed.

*Alimony*

The parties waived their right to alimony in a prenuptial agreement. Notwithstanding the alimony waiver, the prenuptial agreement provided that upon the entry of a final judgment of dissolution of marriage, Former Husband or one of his companies would pay Former Wife a gross salary of $6,000 per month for twenty-four months from the date of the entry of the final judgment of dissolution. Although the trial court found the parties waived their right to alimony in the prenuptial agreement, it found the parties intended the salary payments "would be a form of alimony e.g. durational alimony." This was error.

"Valid prenuptial agreements regarding post-dissolution support are contracts." *Lashkajani v. Lashkajani*, 911 So. 2d 1154, 1158 (Fla. 2005). "[C]ontracts are to be construed in order to give effect to the intent of the parties." *Burns v. Barfield*, 732 So. 2d 1202, 1205 (Fla. 4th DCA 1999). Neither party questioned the validity or enforceability of the prenuptial agreement.

In waiving the right to alimony, the parties intended to take the gross salary payments outside chapter 61, Florida Statutes, and outside the power of the trial court to hold Former Husband in contempt in the event he fails to pay. *See English v. Galbreath*, 462 So. 2d 876, 877 (Fla. 2d DCA 1985) ("Alimony payments . . . are enforceable by contempt proceedings."); *Walters v. Walters*, 96 So. 3d 972, 976 (Fla. 4th DCA 2012) (recognizing the trial court's ability to hold a payor "in contempt for failing to pay the amount of court-ordered alimony to a payee."). Instead of enforcement by contempt, the employment prenuptial agreement contemplated that the non-payment of "salary" would be enforceable as any other employment contract, by a traditional breach of contract action. The trial court thus erred in failing to give the prenuptial agreement the effect intended by the parties.

*Conclusion*

The judgment is reversed and remanded for the trial court to provide Former Husband with the steps required to lift the timesharing restrictions. "We believe that modification of the order is possible from the record alone and do not suggest that a new trial is necessary." *Witt-Bahls*, 193 So. 3d at 39. We also reverse paragraph 15 of the judgment, where the trial court erred by treating the gross salary payments set forth in the prenuptial agreement as a form of durational alimony. In all other respects, the judgment is affirmed.

*Affirmed in part, reversed in part, and remanded.*

GERBER, C.J., and KUNTZ, J., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***