DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JEFFREY L. LIGHTSEY,**
Appellant,

v.

**ANGELICA M. DAVIS,**
Appellee.

No. 4D18-2848

[March 6, 2019]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Okeechobee County; Michael C. Heisey, Judge; L.T. Case No. 472017DR000107.

Karen O'Brien Steger and Lori I. Steger of Steger Law, Stuart, for appellant.

No brief filed for appellee.

WARNER, J.

A father appeals a final judgment of paternity and challenges the court's rulings on parental responsibility and timesharing. He contends that the court erred: (1) in awarding the mother sole parental responsibility without a finding of detriment to the child in shared responsibility; (2) in awarding him only supervised timesharing with the child without setting forth the steps that he must take to obtain unsupervised timesharing; and (3) in providing time sharing at the sole discretion of the mother. There is no transcript in the record, so the errors must appear on the face of the final judgment to warrant reversal. *See Dorsett v. Dorsett*, 902 So. 2d 947, 950 (Fla. 4th DCA 2005). The lack of a transcript prevents review of the failure to make a finding of detriment to the child. We reverse as to the failure to provide steps to secure unsupervised timesharing and the grant of supervised timesharing at the sole discretion of the mother, as the court must provide a means for the father to obtain unsupervised visitation and cannot delegate to a third party the determination of timesharing.

We need not detail all of the findings in the final judgment. It suffices to state that the trial court found that the father was not engaged with his child. The court concluded that based on the factors of section 61.13, Florida Statutes (2018), the father had not demonstrated the capacity to facilitate a close and continuous parent-child relationship. He put his own needs before those of his child, who has resided with the mother in a stable, satisfactory environment. Furthermore, the father has shown no interest in maintaining continuous contact with the child or in being informed about the child's medical needs or daily activities. He "only inquires of the child as a means of getting back together with Mother." Finally, he has not shown "the capacity or disposition to provide any routine for the child or to communicate with Mother with regard to the child's welfare or to provide the child with an environment which is free from substance abuse."

The trial court awarded the mother sole parental responsibility of the child. It ruled that the "Father's contact with the child shall be supervised by the Mother at Mother's discretion until he has demonstrated the ability to properly parent a child, at which" point he could petition to modify his timesharing. The father appeals.[1]

Section 61.13(2)(c)2., Florida Statutes (2018), provides that "[t]he court shall order that the parental responsibility for a minor child be shared by both parents unless the court finds that shared parental responsibility would be detrimental to the child." Although we have held that such a finding is necessary, *see Aranda v. Padilla*, 216 So. 3d 652, 653 (Fla. 4th DCA 2017), it may be made either on the record or in the final judgment. *See Coyne v. Coyne*, 895 So. 2d 469, 472 (Fla. 2d DCA 2005). "[T]here is no statutory requirement that the trial court make specific written findings in a custody decision." *Adair v. Adair*, 720 So 2d 316, 317 (Fla. 4th DCA 1998). The failure to include a finding of detriment does not render the judgment fundamentally erroneous. Without a transcript, we cannot ascertain whether the trial court made a finding of detriment to the child at the trial. Therefore, based upon *Applegate v. Barnett Bank of Tallahassee*, 377 So. 2d 1150 (Fla. 1979), we cannot reverse on this ground.

---

[1] The father also claims that the court awarded relief not requested in the pleadings; however, without a transcript of proceedings this issue cannot be decided because it cannot be determined whether issues were tried by implied consent. *See Lannon v. Foley*, 914 So. 2d 518, 518 (Fla. 4th DCA 2005) (noting unpled issues may be tried by implied consent).

The final judgment did not set forth a timesharing schedule, but it authorized supervised time sharing within the sole discretion of the mother until such time the father has demonstrated that he is able to properly parent. Yet the court did not provide what steps the father should complete to demonstrate that ability. In *Whissell v. Whissell*, 222 So. 3d 594, 595 (Fla. 4th DCA 2017), we held that even if the trial court's decision not to award unsupervised timesharing is supported by competent substantial evidence, the court must provide the parent who is denied timesharing "with specific steps to obtain unsupervised timesharing." A trial court's failure to set forth any specific requirements or standards with which the parent must comply in order to reduce the timesharing restrictions — whether those restrictions constitute a total prevention of timesharing altogether or are only a limitation of timesharing—is error. *Id.* "While the trial court need not 'set out every minute detail of the steps to reestablish unsupervised timesharing,' the parent must leave the courtroom 'knowing that if [they] satisfactorily accomplish[ ] relatively specific tasks, [they] will be able to reestablish unsupervised timesharing.'" *Id.* (quoting *Witt-Bahls v. Bahls*, 193 So. 3d 35, 38 (Fla. 4th DCA 2016)). The trial court must provide the father with that path.

Similarly, the trial court directed that the father's timesharing with the child would be at the sole discretion of the mother. A court may not delegate its responsibility to determine timesharing to a third party. *Larocka v. Larocka*, 43 So. 3d 911, 912-13 (Fla. 5th DCA 2010) (finding error on face of the judgment, where the trial court delegated its duty to establish contact and visitation between the mother and the child to a counselor; recognizing that trial courts may not delegate such authority to third parties). "[I]t is the trial court's responsibility to ensure that an appropriate relationship is maintained between a parent and his or her children, and that responsibility 'cannot be abdicated to any parent or expert.'" *Grigsby v. Grigsby*, 39 So. 3d 453, 457 (Fla. 2d DCA 2010) (quoting *McAlister v. Shaver*, 633 So. 2d 494, 496 (Fla. 5th DCA 1994)). To prevent this abdication, "a reasonable timesharing schedule based on the parent's individual circumstances must be created based on the exercise of *the court's* discretion, not the other parent's." *Id.* (emphasis in original) (citing *Letourneau v. Letourneau*, 564 So. 2d 270, 270 (Fla. 4th DCA 1990)). Because the court improperly delegated its authority to establish a timesharing schedule to the mother, the judgment was fundamentally erroneous.

We thus reverse the final judgment for the trial court to create a timesharing plan and for it to establish tasks for the father to complete in order to secure unsupervised timesharing with the child. In its discretion,

the court may take further evidence on these issues.  In all other respects, we affirm the final judgment.

D<small>AMOORGIAN</small> and L<small>EVINE</small>, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***