DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ANDREW SOCOL,**
Appellant,

v.

**KELLI SOCOL,**
Appellee.

No. 4D18-3565

[March 4, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Nicholas Lopane, Judge; L.T. Case No. FMCE 16-003509.

Colleen E. Huott of Huott Law, Boca Raton, for appellant.

Jonathan Z. Schiller of Brinkley Morgan, Fort Lauderdale, for appellee.

GERBER, J.

The former husband appeals from the trial court's supplemental final judgment modifying parental responsibility, time sharing, child support, and other relief. The former husband argues the trial court erred in five respects: (1) by awarding the former wife's attorney's fees accruing from the date on which she filed her modification petition through trial, rather than from a stipulated date through trial; (2) by awarding retroactive child support to the former wife accruing from the date when the former husband ceased his settlement-based timesharing, rather than from a later date when the former wife filed her modification petition; (3) by modifying the parties' shared parental responsibility to the former wife's sole parental responsibility with ultimate decision-making regarding the minor child, but without the required statutory finding that shared parental responsibility would be detrimental to the child; (4) by modifying the parties' shared parental responsibility to the former wife's sole parental responsibility without competent substantial evidence supporting a substantial, material, and unanticipated change of circumstances; and (5) by awarding the former wife's forensic accountant's fees in full without competent substantial evidence to support such fees.

The second, fourth, and fifth arguments lack merit, and thus we affirm on those arguments without further discussion.

On the first and third arguments, we reverse and explain those errors in turn below.

### ***The Trial Court Erred in Not Following the Parties' Stipulation Regarding the Former Wife's Attorney's Fees***

At trial, the parties stipulated the former husband had paid all of the former wife's attorney's fees incurred from the date on which she filed her modification petition through July 18, 2017. The parties further stipulated the only remaining attorney's fees issue for the trial court's consideration was whether the former wife was entitled to recover her attorney's fees incurred from July 18, 2017 through trial. The parties stipulated those fees amounted to 38.9 hours at a $400 hourly rate.

However, in the supplemental final judgment, the trial court ordered the former husband to pay an amount representing the former wife's attorney's fees incurred from the date on which she filed her modification petition through trial. In other words, the trial court awarded the former wife a "double recovery" of attorney's fees incurred from the date on which she filed her modification petition through July 18, 2017.

The former wife concedes the "double recovery" of her attorney's fees conflicts with the parties' stipulation. However, the former wife argues we should remand this case so the trial court can clarify whether, on its own volition, it exercised its discretion to award the former wife additional attorney's fees based on the former husband's litigation conduct and/or the results obtained in the former wife's favor.

We disagree with the former wife's argument. As we held in *Yeakle v. Yeakle*, 12 So. 3d 884 (Fla. 4th DCA 2009):

> A stipulation properly entered into and relating to a matter upon which it is appropriate to stipulate is binding upon the parties and upon the Court. The court must not disturb the stipulation unless found to be ambiguous or in need of clarification, modification or interpretation.

*Id.* at 885-86 (internal citations and quotation marks omitted); *see also Lift v. Lift*, 1 So. 3d 259, 261 (Fla. 4th DCA 2009) ("Because appropriately made stipulations entered into by the parties are generally binding on the court as well as on the parties, the court erred in failing to follow them.").

2

Here, the parties' stipulation regarding the former wife's attorney's fees appears to have been properly entered into and relates to a matter upon which it was appropriate to stipulate. The parties' stipulation does not appear to be ambiguous or in need of clarification, modification or interpretation. Thus, the trial court erred in not following the stipulation.

We remand for the trial court to amend the supplemental final judgment to award the former wife's attorney's fees in the amount of 38.9 hours at a $400 hourly rate, totaling $15,560. This ministerial action does not require a further hearing.

### *The Trial Court Erred in Modifying the Parties' Shared Parental Responsibility to the Former Wife's Sole Parental Responsibility Without the Required Statutory Finding that Shared Parental Responsibility Would be Detrimental to the Child*

Section 61.13(2)(c)2., Florida Statutes (2018), states, in pertinent part, "The court shall order that the parental responsibility for a minor child be shared by both parents *unless the court finds that shared parental responsibility would be detrimental to the child.*" (emphasis added).

Interpreting section 61.13(2)(c)2.'s plain language in *Aranda v. Padilla*, 216 So. 3d 652 (Fla. 4th DCA 2017), we have held:

> The award of sole parental responsibility in the absence of [a finding that shared parental responsibility would be detrimental to the child] is reversible error.

*Id.* at 653. We further have held the finding of whether shared parental responsibility would be detrimental to the child "may be made either on the record or in the final judgment." *Lightsey v. Davis*, 267 So. 3d 12, 14 (Fla. 4th DCA 2019).

Here, neither the trial record nor the supplemental final judgment contains the required finding. Instead, the trial court explained in the supplemental final judgment that it was awarding the former wife sole parental responsibility based on a determination of, in the trial court's words, "the best interests of the child by evaluating all of the factors affecting the welfare and interests of the minor child and the circumstances unique to [the] family, including, but not limited to all of the factors enumerated in § 61.13(3), Fla. Stat. (2018)."

3

The trial court was correct to utilize "the best interests of the child" standard according to sections 61.13(2)(c) and (3). However, as we held in *Aranda,* "utilizing the best interest of the child standard does not obviate the necessity of a specific finding [under section 61.13(2)(c)2.] that shared parental responsibility would be detrimental to the child before awarding sole parental responsibility to a parent." 216 So. 3d at 653 (citation omitted).

The former wife argues that despite the trial court's lack of specific finding under section 61.13(2)(c)2., we should affirm because "the combined effect of the trial court's many findings regarding the Former Husband's long-standing failure to communicate and cooperate with the Former Wife on matters related to the minor child's welfare equates to a finding that shared parental responsibility is detrimental to [the minor child]."

While we understand the former wife's argument, our duty is to apply the law as written. *See Bank of N.Y. Mellon v. Glanville*, 252 So. 3d 1120, 1127 (Fla. 2018) ("As with any matter involving an issue of statutory interpretation, courts must first look to the actual language of the statute and examine the statute's plain meaning.") (citation and internal quotation marks omitted). Section 61.13(2)(c)2. requires a court to order that parental responsibility for a minor child be shared by both parents "unless the court _finds_ that shared parental responsibility would be detrimental to the child." (emphasis added). No such finding was made.

Accordingly, we reverse and remand for the trial court to reconsider the issue of whether to modify the parties' shared parental responsibility to the former wife's sole parental responsibility in light of the statutory requirement to determine whether shared parental responsibility would be detrimental to the child. The trial court may, in its discretion, either take additional evidence or rule on the record presently available. *Aranda*, 216 So. 3d at 653.

If the trial court finds that shared parental responsibility would be detrimental to the child and that the former wife should be awarded sole parental responsibility with ultimate decision-making regarding the minor child, then the trial court shall amend the supplemental final judgment to expressly include that finding. To avoid any disruption in the child's current custody and supervision until the trial court decides this issue, the parties shall maintain the status quo as provided in the trial court's supplemental final judgment.

*Affirmed in part, reversed in part, and remanded with instructions.*

LEVINE, C.J., and MAY, J., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***