DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BRITNI HIATT,**
Appellant,

v.

**STEVE MATHIEU,**
Appellee.

No. 4D22-1198

[August 24, 2022]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Renatha S. Francis, Judge; L.T. Case No. 50-2021-DR-005965-XXXX-MB.

Jean M. Henne of Jean M. Henne, P.A., Winter Haven, for appellant.

Adam Richardson of Burlington & Rockenbach, P.A., West Palm Beach, for appellee.

WARNER, J.

The mother appeals a final judgment determining timesharing and child support in connection with a paternity action. As to timesharing, without considering the financial ability of the parties, the trial court ordered that both parties pay equally for multiple international trips to transport the child to Belgium where the father now resides. As to child support, the trial court failed to attach the child support guidelines worksheet to the final judgment. Both of these actions are error. In addition, the father concedes that several of the other findings in the judgment are not supported by the evidence. We thus reverse.

The mother and father met in 2016. The father was a dual citizen of the United States and Belgium but had been living and working in the United States for many years. The child, L.M., was born in the United States in October 2017. For a period of time, the parties lived together with the child, but because of various issues, eventually the mother and child moved out. The father did not maintain consistent contact with the child until 2019, when he began developing a relationship with the boy.

In 2020 during the pandemic, the father lost his job and decided to move to Belgium where the rest of his family resided. To the date of trial, he remained unemployed, with one short-lived exception, living on some small savings and with the help of his family. The father returned to the United States one time in 2021, so that he could visit with his son. After the visit, he departed and filed a petition to establish child support and visitation, paternity having been already established in a prior filing.

The mother was the sole supporter of the child. She earned $3,487 gross per month working online and at a restaurant, although the father testified that a review of her income showed that she earned approximately $3,990 gross per month.

At the final hearing, the parties disputed the safety of travelling to Belgium during the pandemic, terrorist threats, and the war in Ukraine. The mother wanted the father to visit with the child in the United States for those reasons, as well as the substantial cost of travel to Belgium. The father presented evidence that airline tickets would cost $700 for each one-way ticket for parent and child. Thus, the total round-trip cost for one visit by the child, who would have a parent accompanying him each way, would be $4,200.[1] The father wanted to have the child come to Belgium twice a year for summer and winter break, as well as spring break every other year. The mother contended that neither she nor the father could afford that much travel. She requested that the father visit in Florida.

The mother also requested child support. She testified that the father had begun paying $300 per month, but he was now paying only $100 per month. She argued that the court should impute income to the father.

---

[1] While the briefs state that a round-trip ticket costs $700, the father's testimony makes clear that $700 covers only a one-way ticket:

> Q: Okay. So one person one way is 700, right?
>
> Father: Yes.
>
> Q: And so that I'm just doubling it. So you and the child fly back it's 1400.
>
> Father: Yes.
>
> Q: And then for you to return the child to the United States, it's another 1400, right?
>
> Father: Yes.

After hearing all the testimony, the court made no findings at the hearing but directed each party to submit a proposed final judgment. The court adopted the father's proposed final judgment verbatim.

The final judgment awarded the timesharing the father sought: every summer break, every winter break, and every other spring break. In conducting its best interest analysis, the court found the mother's claimed concerns about COVID-19 and terrorism were not a credible impediment to timesharing. The long-distance plan would encourage a continuing relationship with the father, expose the child to his paternal family members as well as Belgian culture, and would not disrupt school or the routine of the child. Although the final judgment noted that both parties testified that the other's timesharing plan was too expensive, no findings were made regarding how the parties could afford the travel. After examining the best interest factors, the court reasoned that the father's proposed parenting plan was in the best interests of the child. The final judgment provided that "[t]he costs for the child's travel for each visit shall be added together and then the parties shall each be responsible for 50% of the cost." Those costs had to be paid within thirty days of receipt of the travel booking. The final judgment further provided that the father would pick the child up at the Miami airport, and the mother would pick the child up at the Brussels airport. The child had to be accompanied by an adult pursuant to airline regulations; thus the parent or another adult would have to travel to and from Belgium with the child.

The final judgment found that the mother had a need for present child support and the father had the ability to pay. Further, the final judgment found "the amounts in the Child Support Guidelines Worksheet filed by the Father are correct," but the guidelines worksheet was not attached. The father was ordered to pay child support in the amount of $148 per month. The final judgment did not otherwise contain any findings about the parties' financial positions.

The final judgment also ordered the parties to alternate the tax exemption for the child. Additionally, the final judgment ordered that the mother's sister was not permitted to provide unsupervised child care. The final judgment gave no reason for this order. Lastly, the final judgment denied the mother's request for retroactive child support.

This appeal follows. The mother contends that the court erred in ordering multiple yearly trips of international travel without any consideration as to the parties' financial ability to pay for such travel. We agree.

The standard of review for rulings on timesharing and travel schedules is for abuse of discretion. *Lewis v. Juliano*, 242 So. 3d 1146, 1148 (Fla. 4th DCA 2018). "The expense of transporting the minor child for visitation is a childrearing expense like any other, which should be shared by the parents in accordance with their financial means." *Williams v. Gonzalez*, 294 So. 3d 941, 944 (Fla. 4th DCA 2020) (quoting *Aranda v. Padilla*, 216 So. 3d 652, 654 (Fla. 4th DCA 2017)). "[T]he proper test is the consideration of the parties' financial circumstances." *Id.* (quoting *Aranda*, 216 So. 3d at 654).

The trial court did not consider the parents' limited means in setting the timesharing plan. The child support guidelines worksheet adopted by the trial court determined that the mother had a net monthly income of $3,591. The mother's financial affidavit stated that she had monthly expenses of $5,453. The father was unemployed, and the court imputed income to the father at a minimum wage level.

Despite this precarious financial situation, the trial court ordered each party to pay for international travel two to three times per year. According to the father's testimony, a one-way ticket is $700, meaning each trip in airfare alone would cost the accompanying parent $1,400, and the child's fare would cost each parent $700 (round trip). Thus, including the alternating spring break visit, each parent would have a minimum of $4,200 or $6,300 in airline flights alone per year, not to mention a hotel room at either end, ground transportation, and the like. For the mother, the expense to her would be far in excess of the child support she receives from the father and, in alternating years, well in excess of ten percent of her income. Moreover, the trial court did not account for any lost income to the mother for the number of times she might have to leave her employment to accompany her son. Even if the father receives support from his family to pay for this expense, the mother has no such support system, and it is unreasonable to think that she can afford such travel on her modest means. And all this because the father unilaterally moved to Belgium and created this difficulty for himself in maintaining his relationship with his child.

The court abused its discretion by imposing on the parties, particularly the mother, the enormous financial cost of the travel expenses of international travel without a consideration of how the parents could possibly pay for such travel. *See Marini v. Kellett*, 279 So. 3d 248, 255 (Fla. 5th DCA 2019) ("Given that the travel expenses are necessary expenses incurred pursuant to court order and that the parties both professed difficulty paying such exorbitant expenses, . . . the court abused

4

its discretion in failing to consider the expenses when calculating the child support award."). We reverse and remand for the trial court to reconsider the entire timesharing plan, as the financial aspect of travel ordered is unaffordable.[2]

The trial court also erred in failing to attach the child support guidelines worksheet which specified the findings as to the amount of income attributable to both parties as of the date of the final judgment. "A trial court's final judgment concerning child support is deficient in the absence of explicit factual findings concerning the actual incomes attributable to the parties, the amount and source of any imputed income, the probable and potential earnings level, and the adjustments to income." *Aguirre v. Aguirre*, 985 So. 2d 1203, 1207 (Fla. 4th DCA 2008). The "failure to attach a child support guidelines worksheet to a final order is a reversible error." *Dorvilien v. Verty*, 335 So. 3d 146, 147 (Fla. 4th DCA 2022) (citing *Minus v. Brockman*, 326 So. 3d 1157, 1157 (Fla. 4th DCA 2021)). Remand "must occur even if the trial court intended to attach the worksheet to the adopted parenting plan, and despite the trial court's reference to the worksheet in the final order." *Id.* at 147. Here, the only determination of the parties' respective incomes was contained in the guidelines worksheet. Without it, the final judgment is incomplete. As to the remaining issues with respect to child support, including the claim to retroactive support, we affirm.

The father concedes that two provisions of the final judgment which he proposed, and the court signed, should be reversed. First, no competent substantial evidence supports the court's order that the mother's sister "shall not be permitted to provide unsupervised child care." Second, the court awarded an alternating income tax deduction. The father concedes that he never requested this relief. The mother also contends that this relief is not supported by any evidence, as the father is unemployed, residing in Belgium, and thus there is no evidence that he could take advantage of the tax deduction. We agree that both provisions must be deleted.

**Conclusion**

---

[2] The mother also contends that the trial court abused its discretion in awarding every single Christmas holiday to the father throughout the child's minority. We do not need to reach this issue, as we are reversing for a reconsideration of the entire timesharing plan. However, the denial of all Christmases to one parent was not supported by the trial court's findings of fact, nor does it appear that the court considered other alternatives, such as providing the father time-sharing in Florida, which could include spending other holidays or birthdays with the child.

The trial court erred in establishing a timesharing plan which relied on extensive international travel without considering the parties' financial ability to afford such travel. We thus reverse the timesharing plan in total and remand for further proceedings on this issue. We also reverse the inclusion of the restriction on child care by the mother's sister, as well as the alternating child income tax deduction. Finally, the final judgment must be amended to include the child support guidelines worksheet. As to the remaining issues with respect to child support, including the claim to retroactive support, we affirm.

*Affirmed in part, reversed in part and remanded, with instructions.*

KLINGENSMITH, C.J., and CONNER, J., concur.

\*　　\*　　\*

**Not final until disposition of timely filed motion for rehearing.**