IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

THEODORE MOONINGHAM,

      Appellant,

 v.

STEPHANIE MOONINGHAM,

      Appellee.

_____/

Case No. 5D22-1800
LT Case No. 2019-DR-1272

Opinion filed April 28, 2023

Appeal from the Circuit Court
for St. Johns County,
Joan Anthony, Judge.

Clyde M. Taylor, III, of Taylor & Waldrop,
St. Augustine, for Appellant.

Patricia L. Parker, and David F. Elder,
Law Offices of Patricia L. Parker, P.A.,
Jacksonville, for Appellee.


KILBANE, J.

Theodore Mooningham ("Former Husband") appeals the portion of the

trial court's final judgment incorporating a Parenting Plan that provided

Stephanie Mooningham ("Former Wife") ultimate decision-making authority

over their minor son's education, academics and non-emergency health care should the parties be unable to agree. We have jurisdiction. See Fla. R. App. P. 9.030(b)(1)(A); 9.130(a)(3)(C)(iii)b.

Former Husband argues that the trial court's inclusion of those conditions to shared parental responsibility modified the previous consent partial judgment providing for unconditioned "shared" parental responsibility, without a specific finding of detriment to the child, in accordance with section 61.13(2)(c)2, Florida Statutes (2022). He further argues that the modification was not an issue presented by either party for determination at the final hearing on the reserved issues, and thus, violated his due process right to notice and the opportunity to be heard. We agree and reverse.

## Facts

In August 2019, Former Wife filed her petition for dissolution of marriage and Former Husband counter-petitioned. At the time, the parties had two minor children, one of whom has since reached age eighteen. The other child, P.M., is still a minor. The trial court entered a final judgment dissolving the marriage in May 2021, bifurcating the myriad of other issues associated with dissolution for later disposition. Former Wife amended her petition in 2021 to seek sole parental responsibility for the remaining minor child, but the parties subsequently entered into a consent partial judgment, signed and filed by the trial court in March 2022. The consent partial

judgment awarded shared parental responsibility, without conditions, in accordance with section 61.13(2)(c)2.

The parties then proceeded to trial on the remaining unresolved issues–primarily child support and time-sharing. Former Husband also requested that the court modify a separate provision of the consent partial judgment, which related to reunification therapy aimed at reestablishing a relationship between Former Husband and P.M. Neither party sought modification of the shared parental responsibility provision of the consent partial judgment, and neither party presented any evidence at trial on that subject.

In its final judgment of dissolution, the trial court denied the requested modification of the reunification therapy provisions. It ordered the parties to "abide by" the prior consent partial judgment and granted shared parental responsibility of the minor child, reiterating the "shared" parental responsibility provision of the consent partial judgment. However, the trial court also incorporated a Parenting Plan and attached it to the final judgment. Section IV(1) of the Parenting Plan provided for shared parental responsibility but gave Former Wife ultimate decision-making authority regarding P.M.'s education, academics, and non-emergency health care in the event the parties are unable to agree.

3

Former Husband timely moved for rehearing. The trial court denied the motion, and this appeal followed.

## Analysis

The relevant language of section 61.13(2)(c)2 states, "The court *shall* order that the parental responsibility for a minor child be shared by both parents *unless the court finds* that shared parental responsibility would be *detrimental* to the child." (Emphasis added).

In this case, the trial court's final judgment contained no specific finding of detriment to P.M., which section 61.13(2)(c)2 requires for the court to depart from the statute's mandate of shared parental responsibility. In *Markham v. Markham*, 485 So. 2d 1299, 1299–300 (Fla. 5th DCA 1986), we reversed a trial court's decision giving ultimate decision-making authority to the wife, noting that both parents were fit, there was no finding that shared responsibility would be detrimental to the child, and the trial court's ruling frustrated the purpose and intent of the then "new" parental responsibility law. Later, in *Maslow v. Edwards*, 886 So. 2d 1027, 1028 (Fla. 5th DCA 2004), we reiterated that section 61.13(2)(c)2 requires a specific finding of detriment to the child for the court to depart from shared parental responsibility mandated by the statute. We further stated that a finding of *detriment* to the child is distinct from any findings regarding the *best interests* of the child. *Id.* No such findings were made here.

4

Former Husband was deprived of due process when the trial court's final judgment included the conditions to shared parental responsibility from the Parenting Plan without affording him notice and the opportunity to be heard regarding those conditions. *See Velez v. Lafontaine*, 318 So. 3d 630, 631 (Fla. 5th DCA 2021) (trial court denied due process in granting relief not requested by pleadings or noticed to parties). Former Husband did not, as Former Wife contends, "open the door" or otherwise impliedly consent to trial on parental responsibility by contesting the separate and distinct provision regarding reunification therapy because the evidence presented was relevant to a properly pled issue and was not admitted for the purpose of trying any issue related to shared parental responsibility. *Cf. Frantz v. EM Paving Corp.*, 288 So. 3d 1285, 1288 (Fla. 5th DCA 2020) ("An issue is tried by consent when there is no objection to the introduction of evidence on that issue, unless the evidence is relevant to other, properly pled issues." (quoting *Book v. City of Winter Park*, 718 So. 2d 945, 947 (Fla. 5th DCA 1998))).

## Conclusion

Accordingly, the final judgment's incorporation of the Parenting Plan's provision giving Former Wife ultimate decision-making authority over P.M.'s education, academics, and non-emergency health care is reversed. The cause is remanded with instructions to enter an amended Parenting Plan

5

that provides for shared parental responsibilities in accordance with the consent final judgment.

REVERSED and REMANDED.

EDWARDS and HARRIS, JJ., concur.